E contra,
it was argued by the plaintiff’s counsel, that the proper decree of a Court of Chancery, not made a Court of Record, is, that the executor, personally, shall pay the debt, and process of contempt issues against him for disobedience: 1 Bro. Ch. C. 488. And in that view of the case, it can be no hardship to proceed upon the decree to subject him peisonally. If, however, the decree be in rem, as it is insisted, it must be because the decrees in Virginia can do what decrees in England cannot ; for there the maxim is, Chancery agit in personam. Their decrees are in pursuance, and their process to enforce them also. It is not, however, for the advantage of the defendant, to say the de *331 cree is in rem, for so is the judgment at law against an executor, to xvit: to be levied de bonis testatoris ; and iy,enforced by a Jieri jactas, which, is a process in rem. There is not any reason, vvny the nou-production. of assets shall not be attended with the same consequences in chan.cery as at law — namely, being subjected de bonis propriis. The judgment at law is a proof of assets and of a devastavit, if nulla bona be returned — because at law, a judgment would not be pronounced to be levied de bonus testa-toris, unless it had been previously ascer ained ttiat he had assets ; — -so neither would a decree in Equity, for there an account of assets is always taken, unless the defendant admits them. The court will not.pronounce a decree, unless there be a report ofassets, — Can there be any reason th* n, that he shall not be liable personally, in equity, for the no,n-production oí assets, when thit non-production will make h.imjiable at law? Or that the words, tp be .levied de bonis testatoris, with a return of nulla bona, shall at law be proof undeniable ol a devastavit; but „ in equity shall afford no such evidence, nor be. attended with any -such consequences? Let me ask, ho,w then, is the, plaintiff in equity, who has such a decree, to proceed upon the return of' nulla bona $ ■ If he cannot subject him de bonis propriis,. and cannot proceed in personam, as is objected, how then (an he proceed ? He must still Look; for the fund .whigh no where exists ; and if' he cannot ffnd. that, he must stop. This is the. plain consequence of the objection. It cannot be objected that an action, of debt will ngt lie, for the decree in chancery in Virginia, is a matter of record as much as a judgment at law, is equally conclusive, and equally extinguishes the cause of action on which the decree is rendered,.This point iv,as decided bv Judge Marshall at the last term of the Circuit Court at Raleigtq in the case of Miller vs, Hardiman- The only reason why in England-debt will not lie on a decree, is, because not being of record, it cannot extinguish, but only ascertain the demand .on which the decree is rendered- The defendant is not estopped as atlaw : in other words, the judgment not. being in rem, nor enforced by fi- fa. but in personam only, there must.be a new proceeding before the res or property of the defendant can be affected ; which, new proceeding is grounded upon the original cause of action.
The court took time to consider, and then gave judgment for the plaintiff,